STATE

v.

Michael KOZLIN.

No. 94-605-C.A.

Supreme Court of Rhode Island.

April 13, 1995.

Catherine Gibran, Paula Rosin, Providence.

Jodi Gladstone, Aaron Weisman, Providence.

## ORDER

This matter came before the Supreme Court pursuant to an order directing the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant has appealed from a judgment of conviction after a jury trial in Superior Court in which he was found guilty of two counts of first-degree child molestation and one count of second-degree child molestation.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues will be summarily decided at this time.

The defendant raises two issues in his appeal. First, he argues that a passing reference to the victim's hearing impairment was improperly offered by the state to arouse the sympathy of the jury. When the victim's mother was testifying inquiry was made as to which school the victim was attending and the program that she was enrolled in. The mother said the program was "special education" due to a hearing impairment. In overruling defendant's objection the trial justice said that there had been a great deal of impeachment as to the victim's ability to remember names and what she had said previously. She said that it was also apparent that the child did have some kind of impediment that is probably related to her hearing. She ruled that the probative value of that evidence outweighed any prejudice. The admission of this evidence was within

the sound discretion of the trial justice. Many witnesses other than this young victim testified at trial. There was no showing that defendant suffered any undue prejudice because of the disclosure of the victim's hearing impairment.

The second issue presented involved the trial justice's denial of defendant's motion for a new trial. In our opinion the trial justice reviewed the evidence presented and concluded that the victim's testimony was "completely credible." The trial justice stated that the testimony of the defendant's witnesses was not credible in many respects. The trial justice and the jury were faced with a credibility determination and decided that the victim had been sexually abused by defendant. In challenging that conclusion, the defendant bears the burden of persuading this court of the alleged error committed by the trial justice in denying his motion for a new trial. *See State v. Howard,* 114 R.I. 731, 738, 339 A.2d 259, 263 (1975). The defendant has not met this burden.

For all of these reasons the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed and the papers of the case are remanded to the Superior Court.